# CASES

DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1915.

---

The People of the State of Illinois, Defendant in Error, v. Henry Tenbrook, Plaintiff in Error.

### (Not to be reported in full.)

Error to the County Court of Franklin county; the Hon. THOMAS J. LAYMAN, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed May 1, 1915.

### Statement of the Case.

Prosecution by the People of the State of Illinois against Henry Tenbrook upon an information charging him with the sale of intoxicating liquor in anti-saloon territory. To reverse a judgment of guilty, defendant appeals.

At the conclusion of the trial the jury retired and it was agreed by and between the parties to the suit: "That should the jury agree upon a verdict before the convening of court at 1:15 p. m., that they might sign and seal their verdict and bring the same into court with them upon the convening of court." When court convened, eleven of the jurors were present and the verdict was open and read in the presence of the eleven

(14)

jurors, and was in the following form: "We, the jury, find the defendant guilty in manner and form as charged in the information in count 8 of said information," which was signed by all the jurors. Thereupon the court inquired of the jurors present whether they intended to find the defendant guilty on count 8 of the information or on the eight counts of the information, and the court was then and there informed by the eleven jurors present that they intended to find the defendant guilty on eight counts. The court then directed the eleven jurors to return to the jury room in charge of the officer and place their verdict in the form that the jury intended it to be. While the eleven jurors were retiring, the absent juror, E. D. Dollins, entered the court room, and, after having been instructed by the court to retire to the jury room with the jurors aforesaid, joined the other eleven in the consideration of the verdict; and after being out for a time, the jury returned into open court with the following verdict: "We, the jury, find the defendant guilty in manner and form as charged in the information in count 8 of said information.

| Ac. 1. | J. F. Ahlfeld. | Ac. 7. | S. D. Dunbar. |
| Ac. 2. | R. A. Browning. | Ac. 8. | Emery T. Hill. |
| Ac. 3. | Mint Isaacs. | | Willis Holman. |
| Ac. 4. | George Nortz. | | E. D. Dollins. |
| Ac. 5. | J. A. Elam. | | Frank Williams. |
| Ac. 6. | Oliver Sanders. | | R. A. Summers. |

And the verdict as rendered was received, published and recorded by the court as the verdict of the jury herein. Motion for new trial was overruled and, thereupon, judgment was rendered upon the verdict, and it was adjudged that the defendant, Henry Tenbrook, on each of the said counts 1, 2, 3, 4, 5, 6, 7 and 8 be imprisoned in the county jail of Franklin county, Illinois, for a period of ten days and that upon the eighth count be fined the sum of fifty dollars, and also be required to pay the costs of the suit. The defendant by his counsel excepted to the action of the court in inquiring

of the jury as to whether or not they intended to find the defendant guilty on count 8 or on the eight counts of the information, and to the oral instruction given by the court to return to the jury room and place their verdict in the form the jury intended it to be. Counsel for defendant also excepted to the receiving and recording of the latter verdict and the entering of judgment thereon, and, by his errors so assigned, questioned the sufficiency of the evidence to sustain the verdict, the action of the court in permitting the amendment and proceedings had thereupon, and the sufficiency of the amended verdict, and also claimed that the court erred in overruling his motion for a new trial and in rendering judgment upon the verdict.

R. E. SMITH and W. P. SEEBER, for plaintiff in error.

W. F. SPILLER, for defendant in error.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. CRIMINAL LAW, § 331*—*when verdict not ambiguous.* A verdict of a jury finding the "defendant guilty in manner and form as charged in the information in count 8 of said information" is not so ambiguous as to warrant the court in inquiring whether they meant the whole of the eight counts or the eighth count.

2. CRIMINAL LAW, § 321*—*when error to permit separation of jury.* It is eror to permit a jury, after finding and sealing its verdict, in a criminal case, to separate and go home and not be under charge of an officer for two hours before the final amended verdict is finished, although there is an agreement between the parties that the jurors might sign and seal their verdict and bring it into court upon the convening thereof.

3. CRIMINAL LAW, § 330*—*when verdict of conviction relates to but one offense.* The trial court is not warranted in rendering judgment for eight distinct offenses upon an indefinite verdict in a criminal case, finding the "defendant guilty in count 8 of said information," the words "Ac. 1, 2, 3, 4, 5, 6, 7, 8, having been inserted before eight respective names of jurors below the verdict.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.